﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200114-53903
DATE: November 30, 2020

REMANDED

Entitlement to an effective date prior to June 6, 2019, for the grant of a total disability rating based upon individual unemployability due to service-connected disabilities (TDIU), to include on an extraschedular basis is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the U.S. Air Force from October 1971 to October 1975. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review.

In a January 2020 Notice of Disagreement to a December 2019 rating decision, the Veteran selected the direct review lane, indicating that he did not want a Board hearing or to submit any additional evidence in support of his appeal. Accordingly, the Board will proceed with adjudication of the Veteran’s appeal with consideration of the evidence of record at the time of the RO’s December 2019 decision. 38 C.F.R. § 20.302(b).

Entitlement to an effective date prior to June 6, 2019, for the grant of a TDIU, to include on an extraschedular basis is remanded.

The Veteran seeks an effective date earlier than June 6, 2019 for the grant of a TDIU. Initially, the Board observes that the Veteran’s claim for entitlement to a TDIU was raised in connection with his January 2009 claim for an increased rating for a left knee disability, and has remained pending since that time. Rice v. Shinseki, 22 Vet. App. 447 (2009). Additionally, the record reveals that the Veteran did not meet the schedular rating criteria for a TDIU under 38 C.F.R. § 4.16(a) prior to June 6, 2019.

In lay statements and testimony of record at the time of the December 2019 rating decision, the Veteran raised the issue of entitlement to a TDIU on an extraschedular basis. See September 2016 Board hearing testimony; see also October 2019 Higher-Level Review Request. Further, medical evidence in the claims file suggests that the Veteran was unemployable due to his service-connected disabilities earlier than June 6, 2019. Specifically, the Veteran’s Social Security Administration records reflect that he has been in receipt of disability benefits since 2003 based upon his service-connected left knee disability.

In light of the evidence of record raising the issue of entitlement to a TDIU on an extraschedular basis and suggesting that the Veteran was unemployable due to his service-connected left knee disability, the AOJ’s failure to refer the Veteran’s claim to the VA Director of Compensation and Pension Services for an opinion as to entitlement to a TDIU on an extraschedular basis prior to June 6, 2019 warrants a remand.

(Continued on the next page)

 

The matters are REMANDED for the following action:

Refer the issue of entitlement to a TDIU prior to June 6, 2019 to the VA Director of Compensation and Pension Services for extraschedular consideration in accordance with 38 C.F.R. § 4.16(b).

 

 

ANTHONY C. SCIRÉ, JR

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Katz, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.